KING, KITRICK, JACKSON, MCWEENEY & WELLS, LLC
ALEXANDRA K. EHRHARDT (336872021)
2329 HIGHWAY 34
SUITE 104
MANASQUAN, NEW JERSEY 08736
(732) 920-8383
ATTORNEYS FOR PLAINTIFFS, JACQUELYN BURKE and RICHARD TILLISON

| | |
|---|---|
| JACQUELYN BURKE and RICHARD TILLISON<br><br>Plaintiffs,<br><br>vs.<br><br>BOROUGH OF POINT PLEASANT BEACH<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION/OCEAN COUNTY<br>DOCKET NO: OCN-L - 2796-21<br><br>Civil Action<br><br>COMPLAINT |

Plaintiffs allege as follows:

## NATURE OF CLAIM

1. This is an action in lieu of prerogative writs, seeking to invalidate Borough of Point Pleasant Beach ordinances requiring a developer to pay for off-tract improvements by virtue of Ordinances requiring payment into a pedestrian safety fund, where sidewalks adjoining the developer's site are deemed unnecessary. Those ordinances include, but are not limited to, Ordinance #2020-18(6),(7) and (8), entitled "An Ordinance of the Borough of Point Pleasant Beach Amending Chapter XIX, Entitled 'Development' of the Revised General Ordinances of the Borough of Point Pleasant Beach," which was incorporated after adoption into Chapter 19-15.4(f),(g) of the Borough of Point Pleasant Beach, NJ Municipal Code entitled "Sidewalks." (the "Ordinance").

## PARTIES

2. Plaintiff Richard Tillison owned property in Point Pleasant Beach, New Jersey, with an address of 116 Philadelphia Avenue, Point Pleasant Beach, New Jersey (the "Property"). Plaintiff Jacquelyn Burke, daughter of Richard Tillison, was named as a Co-Applicant on the Resolution regarding the subject property (hereinafter, Jacquelyn Burke and Richard Tillison will be referred to as "Plaintiffs").

3. Defendant, Borough of Point Pleasant Beach, having its principal place of business at 416 New Jersey Avenue, Point Pleasant Beach, New Jersey, is a municipal corporation organized under the laws of the state of New (hereinafter, "Defendant" or "Borough").

## FACTS COMMON TO ALL COUNTS

4. On or about April 8, 2021, Plaintiffs applied to the Borough of Point Pleasant Beach Zoning Board of Adjustment (the "Board") seeking variance relief pursuant to N.J.S.A. 40:55D-70(c)(2) for an existing structure that was elevated on the Property. More specifically, Plaintiffs sought variance relief for existing front yard setback from Baltimore Avenue and front yard setback from Baltimore Avenue for the elevated structure and for the stairs. See Exhibit A, Resolution.

5. On or about April 8, 2021, the Board approved Plaintiffs' application and adopted the Resolution memorializing the Board's decision, which required among other things, that Plaintiffs contribute to a Borough of Point Pleasant Beach Pedestrian Safety Fund (the "Fund") in lieu of installing sidewalk and curbing.

6. On or about September 15, 2020, Point Pleasant Beach Ordinance § 19-15.4 was amended by Ord. No. 2020-18.

7. Notice was given that Ord. No. 2020-18 was introduced and passed upon first reading at a meeting of the Governing Body of the Borough of Point Pleasant Beach, in the County of Ocean, State of New Jersey, on September 1, 2020.

8. The Ordinance was further considered for final adopted after public hearing at a meeting of the Governing Body, which was held on September 15, 2020.

9. The Ordinance states at section (e) that "Notwithstanding any provisions to the contrary in Section 19-15, sidewalks and curbing shall be required along all street frontages as a condition relating to any minor subdivision, major subdivision, minor site plan or major site plan approval granted by the Borough of Point Pleasant Beach Planning Board or Borough of Point Pleasant Beach Board of Adjustment. The proposed curbing shall be designed and constructed in accordance with the requirements of Chapter 19, and the proposed sidewalk shall be designed and constructed in accordance with the requirements of Chapter 19, all as set forth in the Codified Ordinances of the Borough of Point Pleasant Beach."

10. The Ordinance at Section (f)(1) allows the Planning Board to waive the installation of curbing and sidewalks based on the three factors listed, but requires the application to make a payment equal to the cost of constructing the same to the Fund Section (f)(1) states: "Any developer seeking minor subdivision, major subdivision, minor site plan and/or major site plan approval may request a waiver of the requirement to install curbing and sidewalks along all street frontages of the subject property by agreeing to pay a sum to the Borough of Point Pleasant Beach Pedestrian Safety Fund equal to the cost of said curbing and sidewalk. Said cost shall be determined by the Borough Engineer based on documented

constructions costs for public improvements prevailing in the general area of the municipality."

11. In determining whether to grant the requested waiver and accept a payment in lieu of the installation of sidewalk and curbing, the Planning Board or Board of Adjustment shall consider (a) the presence or absence of curbing and sidewalks in the general vicinity of the subject property, (b) the practical difficulty as established by the applicant of installing such improvements in or adjacent to the subject property due to exceptional topographic conditions, drainage concerns and/or deleterious impact to surrounding properties as a result of the installation of such improvements, and (c) the recommendation of the Board or Board Engineer.

12. In Section (g), the Ordinance authorizes the Chief Financial Officer of the Borough to establish and maintain the pedestrian safety fund, as well as to make disbursements upon the request of the Township Engineer for designated pedestrian safety improvements. The fund is dedicated to pay for the cost of future pedestrian safety projects within the Township. Section (g) states as follows: "(1) There is hereby established the Borough of Point Pleasant Beach Pedestrian Safety Fund (hereinafter "Fund"), (2) Said fund shall be dedicated to pay for the cost of designing and constructing various pedestrian safety projects within the Borough of Point Pleasant Beach, (3) All monies paid by the developers in accordance with this subsection shall be deposited into said fund, and (4) The Chief Financial Officer of the Borough is hereby directed to establish and maintain the Fund and to make disbursements upon the request of the Borough Engineer for designated pedestrian safety improvements."

13. On or about April 9, 2021, Mr. John M. Mele, P.E., P.P., C.M.E., C.F.M. sent an email to Plaintiffs indicating that based on his calculations, Plaintiffs were to contribute $5,800.00 into the pedestrian safety fund to meet the condition of approval. Mr. Mele's calculation was based on the town needing 580 square feet of sidewalk, which at $10 per square foot, equals $5,800.00. The Borough continues to contend this this amount is due.

14. Plaintiffs, at the time of the application, were under a contract for the sale of the Property to an individual by the name of Jennifer Donato. Due to the Borough's outstanding claim, for said $5,800.00, the parties agreed to escrow $5,800.00 for the potential payment of this amount. That money is currently being held in an attorney trust account pending the outcome of this litigation.

## FIRST COUNT

15. Plaintiffs repeat and reallege all of the foregoing allegations as set forth in length herein.

16. The implementation of the Ordinance has violated Plaintiffs' right to due process and equal protection of the law as set forth in the Fourteenth Amendment to the United States Constitution as well as the same guaranteed protection by the Constitution of the State of New Jersey.

17. Plaintiffs contend that the Ordinance is arbitrary and capricious as it treats landowners differently based upon whether they seek to develop their land by applying to the planning board for approval, and therefore is unenforceable.

18. Defendants' enactment and enforcement of the Ordinance has caused and will continue to cause irreparable financial harm to Plaintiffs.

WHEREFORE, Plaintiffs demand judgment as follows:

    A. For an Order immediately staying and enjoining further enforcement of the Ordinance until a final determination of the issue of the constitutionality of the Ordinance.

    B. Declaring the Ordinance arbitrary, capricious, unreasonable, ultra vires, null, void and of no force or effect.

    C. Ordering the $5,800.00 currently being held in escrow to be returned to Plaintiffs.

    D. Monetary Damages.

    E. Costs of Suit.

    F. Attorney's Fees.

    G. Any other relief the court deems equitable and just.

## SECOND COUNT

19. Plaintiffs repeat and reallege all of the foregoing allegations as set forth in length herein.

20. The Ordinance is in violation of the Municipal Land Use Law ("MLUL"), N.J.S.A. 40:55D-42, as it fails the rational nexus requirement under the statute by requiring applicants to contribute money towards the Fund to be used for off-tract improvements, irrespective of the work being done on the subject property.

21. The Ordinance is arbitrary and capricious in that imposes unlawful exactions on applicants for subdivision and site plan approval by forcing applicants to pay into the Fund, which results in no improvement or benefit to the Property.

22. Section (g)(2) of the Ordinance offers no specifics as to when and where the Fund is going to be expended. It merely states, "Said Fund shall be dedicated to pay for the cost of designing and constructing various pedestrian safety projects within the Borough of Point Pleasant Beach."

23. Section (g)(4) improperly designates power and authority to disburse money from the Fund, powers which are reserved for the Board, to the Borough's Chief Financial Officer at the discretion of the Board Engineer.

24. Section (f)(1) wrongfully allows the Borough Engineer to grant exemptions within its discretion.

25. Based on the foregoing, Plaintiffs contend that the Ordinance is not a valid exercise of the authority conferred upon the Borough by N.J.S.A. 40:55D-42.

WHEREFORE, Plaintiffs demand judgment against Defendant for the following:

A. For an Order immediately staying and enjoining further enforcement of the Ordinance until a final determination of the issue of the constitutionality of the Ordinance.

B. Declaring the Ordinance arbitrary, capricious, unreasonable, ultra vires, null, void and of no force or effect.

C. Ordering the $5,800.00 currently being held in escrow to be returned to Plaintiffs.

D. Monetary Damages.

E. Costs of Suit.

F. Attorney's Fees.

G. Any other relief the court deems equitable and just.

## THIRD COUNT

26. Plaintiffs repeat and reallege all of the foregoing allegations as set forth in length herein.

27. Ordinance #2020-10 violates N.J.S.A.55D-42 in that is requires developers, as a condition for approval of a subdivision or site plan, to pay the pro-rata share of the cost of providing unreasonable and/or unnecessary off-tract street improvements.

28. N.J.S.A. 55D-42(30) states that a developer may be required to pay the pro-rata share of the cost of providing "only reasonable and necessary street improvements and water, sewerage and drainage facilities, and easements therefor, located off-tract but necessitated or required by construction or improvements within such subdivision or development."

29. Plaintiffs' variance relief for existing front yard setback from Baltimore Avenue and front yard setback from Baltimore Avenue for the existing structure did not necessitate or require off-tract street improvements.

30. Therefore, the Ordinance is unenforceable as it requires developers to contribute to an off-tract improvement fund where the Plaintiffs' application does not necessitate or require such improvements.

WHEREFORE, Plaintiffs demand judgment against Defendant for the following:

A. For an Order immediately staying and enjoining further enforcement of the Ordinance until a final determination of the issue of the constitutionality of the Ordinance.

B. Declaring the Ordinance arbitrary, capricious, unreasonable, ultra vires, null, void and of no force or effect.

C. Ordering the $5,800.00 currently being held in escrow to be returned to Plaintiffs.

D. Monetary Damages.

E. Costs of Suit.

F. Attorney's Fees.

G. Any other relief the court deems equitable and just.

## CERTIFICATION IN ACCORDANCE WITH RULE 4:5-1:

The undersigned certifies, on information and belief, as follows:

1. The matter in controversy is not the subject of any other action pending in any Court or of pending arbitration proceeding.

2. No other action or arbitration proceeding is contemplated.

3. I certify that the foregoing statements made by me are true to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## CERTIFICATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, notice is hereby given that Alexandra K. Ehrhardt is designated as trial counsel in the above captioned matter.

King, Kitrick, Jackson, McWeeney & Wells, LLC

_____
Alexandra K. Ehrhardt, Esq.
Attorneys for Plaintiffs

Dated: October 29, 2021